**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

JABSIE DWAYNE LEWIS,

Defendant‑Appellant.

No. 10-2096
(D.C. No. 1:08-CR-00057-LH-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Pursuant to a plea agreement that contained an appeal waiver provision, Jabsie Dwayne Lewis pleaded guilty to one count of possession with intent to distribute more than five grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Mr. Lewis also agreed to admit to the charged civil forfeiture. The district court sentenced him to

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

188 months' imprisonment. Despite the appeal waiver, Mr. Lewis has filed an appeal seeking to raise sentencing issues.

The appeal waiver in Mr. Lewis's plea agreement states that he:

knowingly waives the right to appeal [his] conviction(s) and any sentence at or under the maximum statutory penalty authorized by law. In addition, [Mr. Lewis] agrees to waive any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

Plea Agreement at 10. The government has moved to enforce the appeal waiver, noting that the 188-month sentence imposed on Mr. Lewis was well below the statutory maximum penalty of life imprisonment.

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Mr. Lewis contends that the appeal waiver should not be enforced because he received ineffective assistance of counsel in connection with the negotiation of the appeal waiver and the government breached the plea agreement at sentencing.

Ineffective Assistance of Counsel. Mr. Lewis contends that his counsel misled him into believing that if he entered into the plea agreement, the government would file a motion asking for leniency at sentencing based on

Mr. Lewis's cooperation. He contends that no such motion was ever filed, and his counsel was ineffective for failing to understand the terms of the cooperation agreement and to ensure that it was included in the plea agreement. Ineffective assistance of counsel in connection with the negotiation of an appeal waiver can result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327. This claim generally is not properly brought on direct appeal, however, because an ineffective assistance of counsel claim must ordinarily be raised in a 28 U.S.C § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Mr. Lewis acknowledges this rule, but contends it does not apply in the context of appeal waivers. This is incorrect; we have held that this rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel. *Id*. Mr. Lewis's appeal waiver expressly recognizes his right to bring such an ineffective assistance of counsel claim in a § 2255 motion. Plea Agreement at 10. Because these allegations fall outside the narrow circumstances in which we address claims of ineffective assistance of counsel on direct appeal, we decline to address this issue, without prejudice to Mr. Lewis's right to raise his ineffective assistance of counsel claims in a § 2255 motion.

Breach of Plea Agreement. Mr. Lewis contends that the appeal waiver is the product of an agreement that the government breached. Mr. Lewis contends that Drug Enforcement Agency (DEA) investigators verbally told him in the presence of the prosecutor that if he provided certain cooperation, the government

would make his cooperation known to the judge at sentencing. He further contends that he provided the requested cooperation and entered into his plea agreement based on his belief that he had provided the requested cooperation, and that he continued to cooperate after he entered his guilty plea. The government then told him, however, that his cooperation was no longer needed and it never filed a motion recommending a sentence reduction based on his cooperation. Mr. Lewis's breach-of-plea-agreement argument is based on an affidavit executed by his original trial counsel on April 2, 2010, two weeks before sentencing, yet this breach-of-plea agreement claim was not raised by Mr. Lewis's new counsel at sentencing on April 23, 2010.

"[A]n appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement." *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008). "General principles of contract law define the content and scope of the government's obligations under a plea agreement." *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007). "We thus look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." *Id*. "We evaluate the record as a whole to ascertain whether the government complied with its promise." *Id*. Because Mr. Lewis did not raise this argument in the district court, our review is

-4-

for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009); *United States v. Bullcoming*, 579 F.3d 1200, 1205 (10th Cir. 2009).

The plea agreement does not contain any promise by the government to file a motion requesting a downward departure for Mr. Lewis's substantial assistance. At the plea hearing, Mr. Lewis testified that he had read the entire plea agreement before he signed it, that he understood it, and that it represented the entire agreement that he had with the United States concerning his case. Tr. Plea Hr'g at 8-9. The trial court specifically asked Mr. Lewis "[h]as anyone made any other promises to you or given you any other assurances concerning what would occur that are not included in this plea agreement?" and Mr. Lewis affirmatively stated, "No." *Id*. at 9. Mr. Lewis further testified he had not been threatened or forced to plead guilty and was doing so of his own free will. *Id*. at 10. He testified that he understood the sentence imposed by the court could differ from any good faith estimate his counsel may have given him, and that he could not withdraw his plea even if the sentence imposed was greater than his expectation. *Id*. at 9, 11. He also testified that he understood he was waiving his right to appeal his conviction and any sentence below the statutory maximum penalty. *Id*. at 13.

Based on our review of the plea agreement and the record as a whole, we conclude that the government did not breach the plea agreement. Because Mr. Lewis makes no other arguments challenging the validity of the appellate

waiver, the government's motion to enforce the appeal waiver is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM